## LAMBERT et al. *v.* SMITH & M'GILVERY.

The report of a referee, like the finding of a court, should state the facts found, and the conclusions of law thereupon.

When the report found generally a sum of money for the plaintiff, without finding the facts out of which this finding arose, held, that it was error.

APPEAL from the Sixth Judicial District.

This action was for the recovery of a quantity of lumber consigned by plaintiffs to defendants, who prayed for an account and payment of the amount due. The defendants admitted that they had received lumber on consignment from plaintiffs, and exhibited an account of sales, &c.; showing the plaintiffs to be overpaid, and claiming the balance, &c.

The case was referred by consent to Charles J. Hughes, to take the testimony and report the facts, who took several depositions, and heard the facts submitted in the case, and reported the same to the court. When, on motion, the report of Hughes was referred to E. Casserly, Esq., to report a judgment thereon, who reported, that upon the facts as found by the referee, Hughes, in his report, annexed and referred to, the conclusions of law are, that at the time of commencing this action, the said defendants were indebted to the plaintiffs in the sum of $1691, with interest and costs, for which sum judgment was rendered for plaintiffs

Defendants excepted to the report, and the court ordered that it be set aside without costs to either party, and that the cause be again referred to E. Casserly, Esq., to hear and determine the same upon the proofs as taken by C. J. Hughes, Esq., and to report the same to this court. The referee afterwards filed his report, by which he found, that on the 5th February, 1852, there was due by the defendants to the plaintiffs the sum of $1684 96, which with interest is $1898 96, for which sum, with costs, there should be judgment for plaintiffs; and judgment was rendered accordingly.

The report was excepted to by defendants, on the ground that it did not find the facts established by the evidence and proofs referred to the referee to report a judgment upon, and that it is against the evidence and law of the case.

The court refused a new trial, and defendants appealed.

*Hastings* and *Thomas*, for appellants.

The finding of a referee is general, of a balance in favor of the plaintiffs, and not of the facts from which *that* is supposed to have arisen, and that balance is not sustained by the facts. The counsel's argument was confined to an examination of the facts of the case, which this court did not examine.

*Whitcomb*, for respondents.

The last report of Casserly finds a balance of account in favor of plaintiffs, which was the thing sued for, and was the only issue of fact, and was therefore the only thing that the referee could make a finding upon.

By the Practice Act, referees are not required to report the testimony, the facts, or the law,—they are required to try the issues and report a judgment. Statutes of Cal. 1851, 79, sec. 182.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

This was an action involving the examination of a long account, and by consent it was referred to a referee, to take the testimony and report the facts in the case.

To the facts so reported exceptions were taken by the appellants, and the testimony and facts were referred to Eugene Casserly, as a referee, to report a judgment upon the same.

The judgment so reported was afterwards set aside for some alleged irregularity or mistake, and the cause again referred to the same referee, to "hear and determine the same upon the proofs, as taken by the former referee, and report the same."

The second finding of the referee is general, and it is contended that the report should have set forth the conclusions of fact and law, drawn from the testimony taken by the referee. We think this objection is well taken. The conclusions of fact were disputed. The intention of the reference was clearly to obtain a fair statement of the facts, and the order of the court seems to have been worded for this purpose.

The report of a referee, like the finding of a court, should

state the facts found and the conclusions of law.   Without this, the parties would be remediless, and their rights concluded in many cases by the arbitrary decision of a referee.   The finding should have been set aside.

Judgment reversed, and new trial ordered.