## DAVID CALDERWOOD, AND ELIZABETH CALDER-WOOD, HIS WIFE v. HENRY PYSER.

HUSBAND AND WIFE AS CO-PLAINTIFFS.—The wife may join with her husband as co-plaintiff in an action to recover possession of her separate estate, but is not required to do so. She may sue alone.

ABATEMENT OF ACTION.—An action brought in the joint names of husband and wife to recover the wife's separate estate, does not abate in consequence of a divorce and the subsequent marriage of the wife with another man after the commencement of the action.

PARTIES PLAINTIFF.—If, pending an action brought in the joint names of husband and wife to recover the wife's separate estate, the plaintiffs are divorced, the action may be prosecuted to a judgment in the names of the same plaintiffs, there being no objection taken to the joinder of the plaintiffs by a supplemental answer.

WAIVER OF MISJOINDER OF PARTIES.—The objection, if it be one, that there is a misjoinder of parties plaintiff, owing to matters which have occurred pending the action, must be taken by a supplemental answer, or it is waived.

SERVICE OF WRIT OF RESTITUTION.—If neither the tenant nor his landlord are parties to an action of ejectment, and the landlord was in possession when the suit was commenced, but subsequently leased to the tenant, the tenant cannot rightfully be removed by a writ of restitution issued in such action.

CASE AFFIRMED.— Wattson v. Dowling, 26 Cal. 125, affirmed.

WHEN TENANT CANNOT DESTROY HIS TENANCY.—The tenant cannot, by submitting to being wrongfully turned out of possession under a writ which did not run against him, and then attorning to the plaintiff in the writ, prevent his first landlord from recovering possession against him for non-payment of rent.

REFEREE'S REPORT, AND JUDGMENT THEREON.—If a referee reports the facts upon all the issues, but draws an erroneous conclusion of law from the facts found, and also reports a judgment in accordance with his conclusions of law, the Court, before a judgment is entered, may set aside the conclusions of law, and direct a proper judgment to be entered.

APPEAL from the County Court, City and County of San Francisco.

This action was brought in a Justice's Court to remove Pyser for holding over after rent fell due, and was afterwards

appealed to the County Court. E. Brooks had previously recovered a judgment against Ross *et al.* for the possession of the premises. When the suit of *Brooks* v. *Ross* was commenced, Calderwood and wife were in possession of the premises, but before it terminated plaintiff Elizabeth leased to Pyser, who went into possession as her tenant. Pyser was turned out by a writ of restitution issued on the judgment of *Brooks* v. *Ross,* and immediately went into possession again as the tenant of Brooks. After this he refused to pay rent to the plaintiff Elizabeth. The defendant appealed from an order granting a new trial.

The other facts are stated in the opinion of the Court.

*E. A. Lawrence,* for Appellant. The judgment rendered by the referee in the case was proper, because the suit had abated by the divorce which had been granted to Calderwood against his wife, and also by her intermarriage with Douglas. (*Quackenbush* v. *Leonard,* 10 Paige, 131; and *Van Maren and Wife* v. *Johnson,* 15 Cal. 311.) Though Pyser was the tenant of plaintiff, yet his eviction by the writ in *Brooks* v. *Ross et al.* legally terminated their relations of landlord and tenant. (Crabbe on Real Property, p. 152, Sec. 202; Id., p. 161, Sec. 211; 3 Kent's Com. 464; Washburn on Real Property, 359.) Pyser being a stranger to the tortious act of the Sheriff in ousting him, and not being in privity with him, will not be held liable. (*Kennedy* v. *Hamer,* 19 Cal. 387.)

*P. G. Buchan,* for Respondents. The referee erred in the conclusion of law he came to from the facts found by him that the suit had abated. There was no such issue to be tried— no plea *puis darrien*—and on suggestion of the facts on the record. (*Lewis* v. *Johns,* 24 Cal. 101.) The statute of this State has entirely changed the common law as it prevails in England and in most of the Eastern States. There a *feme covert* can never sue alone. She is in that respect as a minor, and when she commences suit while a *feme covert,* and during the pendency marries, the suit abates till her husband is joined. But in this State the rules of the common law have

in that respect no application whatever.   Our statute in refer-
ence to suits by married women provides, (Pr. Act, Sec. 7,)
that when the suit concerns her separate property she may
sue alone.   (*Snyder* v. *Webb*, 3 Cal. 87 ; *Gillman* v. *Scannell*,
7 Cal. 458 ; Pr. Act, Sec. 16.)   This is not a case where a
tenant was evicted by a paramount title, which alone could
discharge him from the payment of rent.


By the Court, SAWYER, J. :

Much of the argument of appellant relates to points in no
way arising on this record.   The appeal is from an order
granting a new trial.

The action is to recover the possession of land leased to the
defendant by plaintiff, Elizabeth Calderwood, who was, at the
time of the institution of the suit, the wife of the other plain-
tiff, David Calderwood.   The action concerns the separate
property of the wife, and she was authorized by section seven
of the Practice Act to sue alone, or join with her husband.
Husband and wife joined in the action, as they properly
might, but were not required to do.   The action was tried by
a referee, who found the issues raised by the pleadings in
favor of plaintiffs.   But the referee went outside of the issues,
and found the further fact, that, since the commencement
of the suit, the plaintiffs, Calderwood and wife, had been
divorced ; and that plaintiff, Elizabeth Calderwood, subse-
quent to the divorce, had married one Douglas.   He there-
upon concluded that the suit had abated by the divorce, and
could not be prosecuted without reviving it by leave of the
Court in the names of Douglas and wife.   On the ground that
there had been no revivor, the referee reported a judgment
dismissing the suit.   The Court was of opinion that the
referee erred and granted a new trial.

The action did not abate in consequence of the divorce.
The parties appear to have survived the divorce, and the cause
of action survived.   There was a cause of action when the
suit was commenced, and it was properly brought in the name

of both husband and wife. The wife was the party interested, as the action concerned her separate estate, and the husband was joined, not because he owned the property, but because of his relation to the other plaintiff. His relation ceased by the divorce, but the right of action continued in the wife, where it was before. But suppose the interest in the action terminated as to the husband upon the entry of the judgment for divorce, there was still the same cause of action in favor of the wife, the real party in interest, which she was entitled to prosecute in her own name, without joining the party whom she afterwards married, and the most that can be said is, that there was a misjoinder of parties plaintiff from that time forward. The objection of misjoinder must be taken either by demurrer, when it appears on the face of the complaint, or by answer, or the objection is waived. Here there was no misjoinder when the suit was commenced. There was then a right to recover in the names of both plaintiffs jointly. This defense was new matter which arose after answer filed, and if defendant desired to take the objection, it should have been set up in a supplemental answer in the nature of a plea *puis darrein continuance*. (*McMinn* v. *O'Connor*, 27 Cal. 246; *Moss* v. *Shear*, 30 Cal. 467.) And as it is mere dilatory matter, it should have been promptly set up when discovered. It was not set up in time, and the objection, if it be one, is waived. There is no issue which authorized the referee to investigate these matters. But if the interest or relation which rendered David Calderwood a proper party may be regarded as transferred to his successor, we see no objection under section sixteen of the Practice Act to continuing the action in the name of the original parties, if the plaintiff and her present husband are satisfied to so proceed. They are the parties to be affected. It can be a matter of no consequence to the defendant whether a recovery is had in the name of Elizabeth and her former, or her present husband. We think the referee erred in his conclusions of law.

Upon the facts found upon the issues made by the pleadings the plaintiffs were entitled to judgment.

Pyser was not evicted by any legal process that affected him.   The Calderwoods were found to be in possession at the time of the commencement of the suit of *Brooks* v. *Ross et. al.,* and neither David nor Elizabeth Calderwood, nor defendant was a party to the suit.   Nothing was determined as against them, and the ejection of Pyser under the process in the suit was a naked trespass.   Upon a proper application to the Court his possession would have been protected, or after having been dispossessed his possession would have been restored.   (*Wattson* v. *Dowling,* 26 Cal. 125.)   We see no good reason why the County Court might not have set aside the conclusions of law reported by the referee upon the plaintiff's motion for judgment, and directed the proper judgment to be entered upon the facts found.   The error of the referee was one based upon the facts found—it was in legal conclusions drawn from the facts.   It was not an error that vitiated or in any manner affected any finding of fact, and there was, consequently, no occasion to re-examine the evidence or determine the facts anew.   The referee had made his report, but no judgment had been entered upon it, and it was still under the control of the Court.   The case of *Levy* v. *Gettleson,* 27 Cal. 686, cited by the Judge in deciding the motion for judgment on the findings reported, had reference to a re-examination of the evidence, and to rulings upon points of law in the progress of the trial which might affect the verdict or finding of facts.   Where a referee finds the facts upon all the issues, draws an erroneous conclusion of law from the facts found, and reports a judgment in accordance with such conclusion, before judgment entered and while the report is still under the control of the Court, we can perceive no objection to the Court's setting aside the erroneous conclusion, and directing the proper judgment to be entered.   That is precisely what this Court would do on appeal from the judgment entered on such erroneous conclusion.   The Court does not lose all control over the proceeding before the adjournment of the term, from the mere fact that the referee is directed to report a

43

judgment as well as findings of fact. The Court, however, under an erroneous impression as to the application of the principle of the case cited, thought otherwise, and directed the judgment to be entered, and, on application of plaintiffs, afterwards granted a new trial on the ground indicated.

The statement is very inartificially drawn, and all of the papers filed on the part of the plaintiffs are far from being precedents to be followed; yet we think the question sought to be raised by the plaintiffs is substantially presented.

Order granting new trial affirmed.