[No. 2,679.]

## CLINK *v.* THURSTON.

JUDGE NEED NOT SIGN JUDGMENT.—It is not required that a judgment should be signed by the Judge or Clerk.

JUDGMENT ROLL AS EVIDENCE.—When a judgment roll is an original record of the Court in which it is offered in evidence, it requires no exemplification.

PLEADING ESTOPPEL BY JUDGMENT.—The general rule that estoppel by a former judgment must be pleaded, does not apply where no opportunity to plead the estoppel is given.

COMPLAINT IN EJECTMENT.—An allegation of an estoppel by a former judgment has no place in a complaint in ejectment.

EVIDENCE OF ESTOPPEL BY FORMER JUDGMENT.—The plaintiff in ejectment may introduce in evidence a former judgment as an estoppel, without pleading it in his complaint.

ANSWER IN EJECTMENT.—In ejectment the recital in the answer of the series of facts through which the defendant claims a right to the land, are mere averments of evidence, and amount to no more than a general denial.

TIME OF PROVING AN ESTOPPEL BY JUDGMENT IN EJECTMENT.—Although in ejectment it is irregular for the plaintiff in proving his case to introduce in evidence a judgment which is an estoppel, yet if the judgment is conclusive as an estoppel, the defendant is not injured because the judgment was not reserved for rebutting testimony, and the judgment will not be disturbed.

WHEN JUDGMENT IS AN ESTOPPEL.—If the validity of a certificate of purchase of land from the State, as swamp and overflowed, is put in issue and tried in an action in which the State is not a party, and if the question whether the land is swamp and overflowed is also put in issue and tried in the same action, and it is adjudged that the certificate is invalid, and that the land is not swamp and overflowed, the judgment estops the par-

ties and their privies from afterwards proving that the land is swamp and overflowed, and therefore the property of the State.

SPECIAL VERDICT IN EQUITY CASE.—Conceding that a special verdict of a jury in an equity case is only advisory, and may be disregarded by the Court, yet, if it is adopted by the Court, it has the conclusive effect of a final adjudication.

PLAINTIFF IN EJECTMENT MAY SELL, PENDING SUIT.—The transfer by the plaintiff in ejectment of his title to the demanded premises during the pendency of the action, does not affect his right to recover.

EVIDENCE IN EJECTMENT.—If the plaintiff in ejectment, pending the action conveys the demanded premises by a deed absolute on its face, and the defendant proves it on the trial, evidence by plaintiff in rebuttal that the deed was intended as a mortgage, does no injury to the defendant.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The defendant, after the plaintiff had rested, in support of the allegation in the answer as to the character of the land, offered to prove that it was swamp and overflowed, both by the map and field notes of the approved survey by the United States, on file in the Land Office, and by witnesses who knew the character of the land. The Court excluded the testimony, on the ground that the defendant was estopped by the former judgment. The defendant then offered to prove that Bartlett bought the land from the State as swamp and overflowed land, and obtained a State certificate of purchase, in May, 1866, and that Bartlett had assigned the certificate to him. The Court excluded this testimony for the same reason. This action was commenced in October, 1868, and the defendant then offered in evidence a deed of the demanded premises from the plaintiff to Dudley and Carr, dated May 21st, 1869, for the purpose of showing that since the action was commenced the plaintiff had sold the property. After the defendant rested, the plaintiff, against the defendant's objection, was allowed to introduce evidence to prove that the deed to Dudley and Carr was intended as a mortgage to secure a debt due them by the grantor. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Hall & Montgomery,* for Appellant.

If the judgment roll was essential evidence in making the case of the plaintiff, then the appellant is justified in the position, that before the record was admitted in evidence, its existence should have been averred; and the complaint ought to have been amended by the addition of the proper averment in that regard.

Estoppel by former judgment must be specially pleaded under our Code. This rule of pleading is incontrovertibly established by many decisions of this Court, among the latest of which are: *Flandreau* v. *Downey,* 23 Cal. 54; *Jones* v. *City of Petaluma,* 36 Cal. 230; *Marshall* v. *Shafter,* 32 Cal. 176; *Blood* v. *Marcuse,* 38 Cal. 590.

The judgment was not admissible, because the Court in that case did not adjudge the land not to be the land of the State; nor was it adjudged that the land was the property of the United States or of the plaintiff, but only that the defendant had bought the premises in violation of an Act of the State and in fraud of its provisions—a matter, as we maintain, not affecting, in this action, the defendant's right of possession, if title was in his vendor, the State.

The judgment in *Thurston* v. *Clink et al.* should not have been held to estop defendant from proving the land to have been State land under the swamp land grant. It is true that the character of the land was put in issue in that case, and was passed upon by a jury; but the judgment of the Court is not based upon the facts found by the jury on that issue; but the judgment, as the Court ordered it to be entered, is for a dismissal of the plaintiff's bill with costs to the defendants, on the single specified ground, "that the purchase of the land was not made in accordance with the provisions of the said Act of the Legislature of the State" (meaning the Act of April 27th, 1863).

The suit was a bill in chancery to quiet title and to remove a cloud thereon, occasioned, as it was alleged, by the patent in the hands of Clink and others, defendants. The verdict in such a case is only advisory to the Court, and may be wholly disregarded by it. (*Still* v. *Saunders,* 8 Cal. 281; *Goode* v. *Smith,* 13 Cal. 84.)

And although the Court adopts the findings of the jury, the consideration of these facts was entirely unnecessary for the disposition of the case, and without any binding force as an adjudication upon the parties. There was no other fact than the wrongful and fraudulent purchase required to uphold the decree—a fact which appears distinctly and clearly in the body of the bill itself—and a demurrer on that ground would have dismissed the suit without further hearing.

"The true doctrine is, that facts found sufficient to uphold the decree conclude the parties and nothing else." (*Coit* v. *Tracy,* 8 Conn. 267; *Fairman* v. *Bacon,* id. 418; *Fulton* v. *Hanlow,* 20 Cal. 450; *Flandreau et al.* v. *Downey,* 23 Cal. 354; *Marshall* v. *Shafter,* 32 Cal. 176; *Hughes* v. *United States,* 4 Wallace, 232.)

The State of California was not a party to the record in *Thurston* v. *Clink et al.,* and was not bound by the judgment against her title; and it was perfectly competent for the defendant to defeat the plaintiff's recovery by showing an outstanding title in the State, although he was not shown to be in privity with that title.

Thurston's privity in title with the State was not destroyed by the adjudication against the legality of his purchase in his case against Clink and others; and the evidence of the location, certificate and assignment, was improperly excluded.

The State was not a party to the suit, and was not complaining of the fraud, if such there was. At most it was but a constructive fraud, and was voidable only at the suit of the State Government. It was no ground for dismissing the bill, as we respectfully insist; and although it was, the judgment in that case, in which the State did not appear or complain, could not operate to cancel the State's contract without her consent.

The annulment of a certificate of purchase, as that of a patent, must be by a direct proceeding by the State authorities for that express purpose. Until a decree of cancellation on bill, or information in chancery, the contract between the State and its purchaser stands. (*Combs* v. *Jelly,* 28 Cal. 498; *The People ex rel., etc.,* v. *Morrill,* 26 Cal. 336.)

It will not be pretended that in consequence of the decree dismissing Thurston's bill in equity, Thurston's relation to the State as a vendee has been broken of, and that he is estopped from completing his contract.    As long as he is recognized by governmental authorities as bound by the terms of his purchase, so long is he entitled to the benefit of that relation, and of the authenticated evidence of it, which the State permits him to hold.    His certificate is prima facie evidence of legal title to the land (Session Laws 1863, p. 570), under the elder grant of September 28, 1850, from the paramount source.    The plaintiff's patent does not rank higher than the certificate as such evidence, and is junior in date.    If the patentee would annul the State purchaser's title, he must attack it by *scire facias*, or bill, or information in the name of the State, or its proper officer. (*Doll* v. *Meador*, 16 Cal. 295; *Jackson* v. *Lawton*, 10 Johns. 23; *Seward's Lessee* v. *Hicks*, 1 Har. & McH. 24; *Lord Proprietor* v. *Jennings*, id. 92.)

*Terry & Carr* and *W. L. Dudley*, for Respondent.

The first point made by the appellant is that the judgment roll in the case of *Thurston* v. *Clink*, was improperly admitted in evidence in the trial of this cause, because at the time it was offered it was immaterial.    We understand the rule to be that the order in which evidence is introduced is a matter of discretion in the party offering it.    We have seen no authority to the contrary, and as none is cited by appellant's counsel on this point, we infer they can find none.

The judgment roll was proper and legitimate evidence to prove the allegations of ownership and right of possession in the complaint, and to disprove the affirmative matter set up in the answer.    The counsel for plaintiff choose to introduce it in their evidence in chief, rather than in rebuttal, because they desired to prevent the time of the Court from being wasted in hearing evidence on questions which had already been determined in a suit between the same parties.

The second objection to the judgment roll is that it was not signed by the Judge or Clerk of the Court in which the

judgment was rendered. To this we answer that the law does not require it to be so signed. The Practice Act, section two hundred and one, prescribes the manner of entering judgment, and section two hundred and three the manner of making the judgment roll; but if the Clerk's signature was required, his failure to sign would not affect the validity of the judgment. (*Sharp* v. *Lumley*, 34 Cal. 614.)

The third objection to the judgment roll as evidence, is answered in our reply to the first. The fourth is, that being matter of estoppel by judgment, it was not admissible unless pleaded.

For the purposes of this case we are ready to admit that estoppels should be pleaded whenever the party relying on them has an opportunity, as where an estoppel is relied on as a defense to an action it should be set up in the answer; but we know of no authority for the proposition that estoppels to defenses which might be set up in answer should be pleaded in a complaint. We think the sole merit of such a complaint would consist in its originality, and that it would be valuable only as a curiosity.

Under our system of pleadings there is no reply to the answer except when it contains a cross-complaint, in which affirmative relief is demanded. In the present case plaintiff had no opportunity to plead the estoppel, for as no affirmative relief was claimed in the answer he could not reply, and by the statute itself the matters in avoidance alleged in the answer were deemed controverted. (Practice Act, Sec. 65; *Herrold* v. *Smith*, 34 Cal. 124.)

Appellant's counsel suggest that the complaint should have been amended so as to plead the estoppel to the defense of which the answer gave notice that they intended to avail themselves, but we confess our ignorance of any authority for making an amended complaint answer the purpose of a replication.

The second point made by appellant is that the judgment in *Thurston* v. *Clink* did not estop defendant from proving the land to belong to the State under the swamp land grant. The title of the State depended upon the character of the land, and this question was put in issue by the pleadings

tried and decided in the case of *Thurston* v. *Clink*. This judgment is final and conclusive between the parties upon all matters determined or put in issue by the pleadings in said cause. (*Gray* v. *Dougherty*, 25 Cal. 272; *Caperton* v. *Schmidt*, 26 id. 479 ; *Vance* v. *Olinger*, 27 id. 359 ; *Garwood* v. *Garwood*, 29 id. 521; *Mahoney* v. *Van Winkle*, 33 id. 459.)

We do not assert that the State of California is concluded by the judgment referred to. The State was neither a party nor privy to the suit, but we do say that the defendant is concluded by said judgment, and is estopped from setting up title in himself or the State of California; these questions having been expressly decided in an action to which he was a party.

The plaintiff produced in evidence a patent for the land in controversy from the Government of the United States. The validity of this patent could only be questioned by a party who was in privity with the common source of title. A mere intruder, who did not trace title to the State or show possession by license of the State, could not defend against the patent by asserting title in the State. (*Doll* v. *Meador*, 16 Cal. 331 ; *Rhodes* v. *Craig*, 21 id. 423 ; *People* v. *Stratton*, 25 id. 251; *Carder* v. *Baxter*, 28 id. 101.)

The sixteenth section of the Practice Act provides that in case of a transfer of interest pending a suit, the action may be continued in the name of the original party; this section applies as to actions of ejectment as to others.

By the Court, NILES, J. :

This was ejectment to secure possession of the southeast quarter of section twenty-six, township three north, range seven east, in the county of San Joaquin. The complaint averred plaintiff's seizin and ownership in fee, and entry and ouster by the defendant, in the usual form.

The defendant, by his answer, in addition to a general denial, averred, among other things, that the land in controversy was swamp and overflowed land, and as such was the property of the State; that in October, 1865, one Bartlett purchased the land from the State in the manner pre-

scribed by law, and received a certificate of purchase, which he afterward assigned to the defendant, who thereby became by law entitled to the possession.

At the trial the plaintiff, after giving in evidence a patent from the United States for the demanded premises, offered in evidence a judgment roll of the same District Court, in the case of *Thurston* v. *Clink and others.* The plaintiff objected to the introduction of the judgment roll, and the leading questions in the case are upon the propriety of the admission of this evidence, and its effect if admitted.

The suit in which the proffered judgment was rendered was brought by Thurston to quiet his title to the identical land which is the subject of controversy in this action. The averments of the complaint in regard to the character of the land, its purchase by Bartlett from the State, and the assignment of the certificate of purchase to Thurston, were substantially the same as those of his answer in the present action. It averred, in addition, a fraudulent procurement by Clink (then defendant) of a patent from the United States, and prayed that Clink be enjoined from using the patent as evidence of title against him, and for the purpose of dispossessing him of the premises, and that he be ordered to convey to him the title acquired by virtue of the patent, and for general relief.

Clink, by his answer, took issue upon all the material allegations of the complaint, denying that the land was swamp or overflowed land, and denying any title of the plaintiff, legal or equitable, therein, and averring the title to have been in the United States Government, from whom he purchased in good faith as a qualified pre-emptor, and received a patent. At the trial it was submitted to a jury, in the form of special issues, to determine if the land was swamp and overflowed within the meaning of the Arkansas Act; and they found substantially that the southwest quarter section in controversy was swamp and overflowed land, and that the remaining three quarters were not of that character. Subsequently the remaining issues under the pleadings were tried by the Court, a jury having been waived, and findings were made which purported to be "in

addition to the facts found by the jury," and were to the effect that in November, 1865, one Bartlett purchased the land as swamp and overflowed land, in his own name, but in reality with the money of the plaintiff Thurston, and under an agreement with Thurston that the purchase should be for his use and benefit solely. From these facts the Court found, as a conclusion of law, that the purchase under which Thurston claimed was not made in accordance with the provisions of the Act of April 27th, 1863, under which it purported to have been made, and was a fraud upon the State of California; that the plaintiff was not entitled to recover; and a judgment was rendered that "Thurston, the plaintiff, do have and recover nothing by this action against the defendants," and that the defendants have their costs.

Several objections were made by counsel for the defendant to this evidence.

1. That the judgment was not signed either on the roll or elsewhere by the Judge or Clerk of the Court. It is not required that a judgment should be signed by the Judge or Clerk, and as the judgment roll was an original record of the Court in which it was offered, it required no exemplification.

2. That there was "no allegation of the existence of the record in the plaintiff's complaint."

Conceding the general rule to be as claimed by appellant, that estoppel by former judgment must be specially pleaded, it does not apply where no opportunity to plead the estoppel is given. In such case the record may be given in evidence with the same conclusive effect as if it had been specially pleaded. (*Flandreau* v. *Downey*, 23 Cal. 358; 2 Smith's L. Cas. 444.) The plea of a former adjudication could have no place in the complaint. It was an ordinary complaint in ejectment. The answer presented no new matter which the plaintiff was called upon to contradict by pleading. So far as the point under consideration is concerned, it amounted to no more than a general denial; for the detail of the series of acts through which he claimed the right of possession were merely averments of evidence. The estoppel could only be availed of by the plaintiff to defeat a claim of right

or title which the defendant might or might not prefer; and under no recognized system of pleading could it be properly presented in the complaint.

3. It is urged that the evidence, if admissible at all, was not relevant and material at the time it was received, and before the defendant had attempted to prove any of the facts constituting his defense. No doubt the introduction of the evidence at this time was irregular. It was in strictness rebutting evidence merely, and only available to the plaintiff in an attack upon the title or right which the defendant might endeavor to establish. But if the judgment offered is to have the effect claimed for it by the plaintiff, of a conclusive estoppel upon the defendant, it cannot be material at what stage of the trial it was introduced; for by no possible means could its effect as an absolute bar be avoided. The defendant, therefore, could not have been injured by the irregularity, and we should not reverse the judgment merely because the strict order of trial was not preserved in the introduction of evidence.

4. It is not seriously questioned that the record of the judgment in the case of *Thurston* v. *Clink*, if properly admitted in evidence, as we hold it to have been, concludes the defendant from setting up any right of possession derived through Bartlett's certificate of purchase from the State. The validity of defendant's claim under that certificate was made an issue, which was distinctly found adversely to the defendant, and determined by the final judgment. But the defendant contends that the title of the State to the premises in controversy was not adjudicated in the former case, and that he is not now precluded from defending his admitted possession, by showing an outstanding title in the State superior to that derived from the United States, upon which plaintiff relies.

The State was not a party to the suit, and of course is not bound by the judgment. But the character of the land, as being swamp and overflowed, or otherwise, was directly in issue, and was submitted to a jury for determination, and a verdict was rendered. It may be conceded, for the sake of the argument, that a special verdict in an equity case is only

advisory, and may be entirely disregarded by the Court, and would not, therefore, necessarily have the conclusive effect of a final adjudication. But it sufficiently appears here that the verdict was adopted by the Court, for the subsequent examination of the case purports to have been for the determination of "remaining issues," and the findings of the Court to have been "in addition to the facts found by the jury." The right of the then plaintiff to the possession of the quarter section in controversy depended both upon the character of the land and the regularity of his proceedings to obtain the title of the State, if it should be found to be swamp or overflowed; and the fact that the divided three quarters were not swamp or overflowed was found by the Court, and determined by the judgment, as well as the other fact of the entire invalidity of plaintiff's proceedings to procure the title.

We are of opinion, therefore, that the Court did not err in enforcing against the defendant in this case the well settled rule that prohibits a party from agitating a second time a question, which has been once finally determined between the same parties by the judgment of a Court of competent jurisdiction.

The conveyance by the plaintiff to Dudley & Carr, pending the action, could not affect, in any degree, the right of the plaintiff to recover; and the evidence that the deed was intended as a mortgage, though entirely immaterial, could work no injury to the defendant. (*Moss* v. *Shear*, 30 Cal. 475; *Calderwood* v. *Peyser*, 31 Cal. 336; *Barstow* v. *Newman*, 34 Cal. 91.)

Judgment affirmed.