[No. 18271.    Department One.—September 29, 1894.]

## LEE SACK SAM, APPELLANT, *v*. WILLIAM W. GRAY, ADMINISTRATOR, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS—REFERENCE OF CLAIM TO SUPERIOR COURT —REVIEW OF TESTIMONY—REPORT OF REFEREE—JUDGMENT-ROLL.— Where a claim against the estate of a deceased person is referred to the superior court for its decision, as provided in section 1507 of the Code of Civil Procedure, the testimony taken before the judge, sitting as a referee, although embodied in his report, is no part of the record, and cannot be reviewed upon appeal unless embodied in a bill of exceptions and filed; and it is only the finding of the referee which becomes part of the judgment-roll.

ID.—SUFFICIENCY OF FINDINGS UPON REFERENCE—GENERAL FINDING.— A referee must report his findings in writing, stating the facts found and the conclusions of law separately, and the finding must have the effect of a special verdict; and a general finding or conclusion that the plaintiff is not entitled to judgment, is fatally defective, and insufficient to sustain a judgment for the defendant.

ID.—PRESUMPTION OF WAIVER OF FINDINGS—REPORT OF REFEREE.—The presumption of waiver of findings, if no findings appear, in cases tried by the court, has no application to the report of a referee there being no provision for a waiver of findings in such cases.

ID.—COURT OR JUDGE SITTING AS REFEREE—FINDINGS—CONSTRUCTION OF CODE.—Where the court or judge sits as a referee his position is as distinct in law from the court acting as such within its own proper sphere as if a different referee had been selected, and findings are as necessary in such case as where another referee is appointed. The code fixes but one rule for the guidance of all referees.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*Thomas F. Barry*, and *Wiley J. Tinnin*, for Appellant.

The evidence is insufficient to sustain the judgment, and is reviewable on this appeal. (Code Civ. Proc., secs. 187, 939; Hayne's New Trial and Appeal, 44.) The finding that the evidence was insufficient to sustain the validity of the claim was in fact no finding at all, and was clearly insufficient as a finding upon the issues. (*Campbell* v. *Buckman*, 49 Cal. 367; Hayne's New Trial and Appeal, 44, 227, 720; *Plant* v. *Fleming*, 20 Cal. 93; *Thompson* v. *Patterson*, 54 Cal. 546.)

*J. W. Knox*, and *M. Farley*, for Respondent.

The report of the referee forms no part of the judgment-roll, and cannot be considered. (*Harper* v. *Minor*, 27 Cal. 109.) It was no part of the referee's duty to report findings, and therefore it is unnecessary to examine objections thereto. (*Connor* v. *Morris*, 23 Cal. 451; *Hihn* v. *Peck*, 30 Cal. 281.) It will be presumed that findings were waived. (*Mulcahy* v. *Glazier*, 51 Cal. 626; *Smith* v. *Lawrence*, 53 Cal. 34; *Reynolds* v. *Brumagim*, 54 Cal. 254.) It was necessary, therefore, that the appellant should show affirmatively in a bill of exceptions that the findings were not waived. (*People* v. *Torres*, 38 Cal. 142.) The finding that the claim should be rejected was a sufficient finding in the case, and conclusive of the only material issue. (*Pralus* v. *Pacific G. & S. M. Co.*, 35 Cal. 30; *Hihn* v. *Peck*, 30 Cal. 285.)

SEARLS, C.—This is an appeal from an order or judgment in probate, made by the superior court of the county of Fresno, and comes up on the judgment-roll, without any statement or bill of exceptions.

The following facts will sufficiently illustrate the proceedings had:

On the fourth day of April, 1892, Lee Sack Sam presented his claim against the estate of Man Wo Chan, deceased, duly verified, for twenty-one thousand six hundred dollars, to William W. Gray, administrator of said estate, for allowance.

The claim is founded upon a promissory note, of which the following is a copy:

"$20,000.            SAN FRANCISCO, Dec. 29, 1889.

"Eight months after date (no grace) for value received in gold coin of the government of the United States, I promise to pay to Lee Sack Sam, or order, the sum of twenty thousand dollars, with interest from date, at the rate of one per cent per month until paid, both principal and interest payable alike in gold coin.

[SIGNED]    "LEE SING."

Which promissory note is indorsed as follows:

"For value received hereby waive protest, demand, and notice of nonpayment.    MAN WO CHAN.

"MAN WO CHAN."

No action was taken on said claim by the administrator of the estate of Man Wo Chan, deceased, until on or about January 16, 1893, when the administrator, being in doubt as to the correctness of the claim, entered into an agreement in writing with the claimant under section 1507 of the Code of Civil Procedure, to refer the matter in controversy to the superior court of Fresno county for decision, " or, in other words, that a reference may be had in said court."

The agreement was approved by the court and duly filed in the office of the county clerk, and thereafter a minute of the order was entered, etc., as provided by section 1507 of the Code of Civil Procedure.

The court, sitting as a referee, heard the case and made its report, wherein there is set out what purports to be the testimony taken, and found the facts and conclusions of law as follows:

" 1. That said claim was presented to the administrator, E. H. Cox, within the proper time after first publication of notice to creditors.

" 2. That the evidence produced herein is insufficient to establish the validity of said claim, or to authorize the same to be allowed or approved.

"And, as a conclusion from the foregoing, said referee advises that said claim be not approved or allowed, but that the same be rejected.                S. A. HOLMES,

" Judge of the superior court, said court sitting herein as referee.

" Dated April 23, 1893."

The report of the referee was presented in open court April 22, 1893, and an order entered approving the same and the claim " disallowed, disapproved, and rejected."

On the twenty-third day of May, 1893, a judgment was entered by the court, adjudging that Lee Sack Sam take nothing by his claim and reference against the estate of Man Wo Chan, deceased, and awarding the costs of the proceeding against the said claimant, as provided by section 1508 of the Code of Civil Procedure.

Counsel for respondent makes several objections to the consideration of the testimony on this appeal, only one of which need be noticed.

The report of the referee is simply a report of the evidence upon which he based his decision, and forms no part of the judgment-roll. "A copy of the verdict of the jury, or finding of the court or referee," forms a part of the judgment-roll. But the testimony, unless embodied in a bill of exceptions and filed, is not a part thereof. (Code Civ. Proc., sec. 670; *Harper* v. *Minor*, 27 Cal. 109.)

It only remains to inquire in relation to the sufficiency of the findings to support the judgment.

Section 1508 of the Code of Civil Procedure provides that in cases of this character " the same proceedings shall be had in all respects, and the referee shall have the same powers . . . . and subject to the same control as in other cases of reference."

The apparent object of this section seems ' ଼ ୵e to bring referees in this class of cases within the rules prescribed for their government and direction in ordinary cases.

Turning to section 642 of the same code, and we find it provided that " the referees or commissioner must report their findings in writing to the court, . . . ; and the facts found and conclusions of law must be separately stated therein"; and by section 645, " when the referee is to report the facts, the finding reported has the effect of a special verdict."

"As the same proceedings shall be had in all respects" in the class of cases we are considering, it must follow that the referee should not only report in writing, but find the facts upon which the judgment of the court is thereafter to be pronounced.

By no other means can the court be informed so as to intelligently act in the premises.

In this view the findings in this case are fatally defective.

No court can say from them whether the claim as presented was, in point of law, one that should have been allowed or rejected by the administrator.

In cases tried by the court written findings may be waived, as prescribed by section 634 of the Code of Civil Procedure, and in favor of the judgment, if no findings appear, such waiver will be presumed unless the contrary is made to appear.

This presumption can have no application to the report of a referee, for the reason that no provision is made for a waiver in such cases, and in the very nature of the case should not be.

It will not do to say that in this instance the court or

the judge thereof was the referee, and hence that no findings were necessary.

The court or judge sitting as a referee is as distinct in law from the court acting as such within its own proper sphere as if a different referee had been selected.

The code fixes one rule for the guidance of all referees, and they are alike and without exception subject to its provisions.

The judgment appealed from should be reversed and a rehearing had.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed and a rehearing ordered.

VAN FLEET, J., DE HAVEN, J., HARRISON, J.