## DIVORCE AND ALIMONY.

[Circuit Court of Cuyahoga County.]

JOHN T. NAUMAN v. CATHERINE NAUMAN.

Decided, June 10, 1897.

*Divorce—Decree for, is Operative from the Date of Its Rendition—Can not be Reopened Upon Motion Filed Two Days Later—Where One of the Parties has Married in the Meantime—Journal Entry not Necessary to Give Validity to Decree—Temporary Alimony—Motion for, Will be Denied, When.*

1. Failure to enter a decree of divorce upon the journal does not deprive it of validity, but where the granting of the decree has been noted on the appearance docket it will be regarded as operative between the parties from its rendition.
2. A court is not authorized to reopen a divorce case upon a motion filed two days after the decree was rendered, where it appears that on the day the motion was filed one of the parties without knowledge of the filing remarried.
3. A proceeding for divorce is terminated by an order of court that the petition be dismissed, and the fact that no reference is made in such order as to the defendant's cross-petition does not give to the defendant the right to thereafter move for an allowance of temporary alimony.

MARVIN, J.; HALE, J., and CALDWELL, J., concur.

This case comes into this court upon a petition in error, the purpose of the suit being the reversal of the judgment of the court of common pleas of this county granting to Catherine Nauman alimony to be paid by John Nauman pending the suit. The facts are substantially these: Some time in 1895, John Nauman filed a complaint in the court of common pleas praying for a divorce from his wife, Catherine Nauman. Thereafter she filed an answer or cross-petition in the case. On March 14, 1896, that case was heard and a decree of divorce was made by the court in favor of the plaintiff.

On March 17, 1896, John Nauman remarried, and on that same day a motion was filed by Catherine Nauman in this case for a new trial. On March 21, 1896, the motion was sustained; the court heard evidence and ordered the petition of the plaint-

iff dismissed at his costs, and said nothing as to the cross-petition of Catherine Neuman, and no entry or order was made concerning the case.   Later on, some time in January, 1897, Catherine Nauman filed a motion entitled in the case of which I have already been speaking, asking that alimony be decreed pending the hearing of her cross-petition in that case.   Before the motion was filed, however, Catherine Nauman had filed a separate petition in another case in the court of common pleas, praying for alimony against John Nauman.   The question, then, is whether the court of common pleas had any jurisdiction to make the order it did make, that John Nauman should pay alimony pending the hearing of this cross-petition in that original case.

No entry was made upon the journal prior to the hearing of the motion for a new trial.   The first journal entry made in the case was the entry dismissing the petition of John Nauman. An entry was, however, made on the appearance docket showing that these things took place on March 14th, to-wit, a decree of the court granting Nauman a divorce, and on March 17, motion for a new trial.   It was urged upon the hearing that because no entry had been made upon the journal of the court, therefore there was no divorce.   That counsel making that claim are mistaken, is settled in numerous cases, and settled in Ohio beyond any question, and in this court, in the case of *State* v. *Meacham,* 6 C. C., 31, in which the opinion was delivered by Judge Upson.   He said in the first paragraph of the syllabus:

"The clerk of the court of common pleas must, under the statute, enter on the journal all orders and acts of the judge of the court during the term.   All changes should be subsequently entered by the clerk without omission of any former entry."

In the fourth paragraph of the syllabus he said:

"In an appealable case, after notice of appeal and bond has been given, the case is *eo instanti* in the circuit court, although the clerk has journalized neither the decree nor the notice of appeal; and the rule that a judgment in a case is within the control of the court during the term at which it is rendered,

and that the. case does not go beyond the power of the court until the close of the term, has no application to such case.''

In the opinion Judge Upson says, page 337:

''In the nature of things, a judgment must be rendered before it can be entered; and not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its validity remain in abeyance until it is put on the record.''

That is not only the law in Ohio, but, so far as I have been able to examine the text books, it is the law everywhere.

I call attention to the case of *Cook, Estate of*, 77 Cal., 220 (19 Pac. Rep., 431), in the second paragraph of the syllabus:

''A judgment of divorce becomes operative between the parties at its rendition, notwithstanding it be not entered by the clerk until a subsequent date.''

The fourth paragraph of the syllabus reads:

''After the rendition of a judgment it is the duty of the clerk to enter it; and the fact that the entry was made at the request of a person not a party is immaterial.''

The sixth paragraph of the syllabus reads:

''A judgment of divorce rendered in favor of a party during her lifetime may be entered after her death.''

In this case it was the matter of the settlement of the estate of a deceased woman. The question of who was entitled to distribution of the estate was affceted by the question, whether when she died she was the wife of Cook or of somebody else to whom she was thereafter married. The examination of the record shows that it was quite a number of years; the divorce was granted in 1880 and the death occurred quite a number of years thereafter, and yet the court in this case ordered the decree to be entered as of the date when the judgment was announced. In the case of *Clink* v. *Thurston*, 47 Cal., 29, in the opinion this language is used:

''It was objected that the judgment was not signed either on the roll or elsewhere by the judge or clerk of the court. It is

not required that a judgment should be signed by the judge or clerk, and as the judgment roll was an original record of the court in which it was offered, it required no exemplification.''

In this case before the court, the entry had been made upon the minutes, and we hold that the fact that nothing had been entered upon the journal is wholly immaterial. But it is provided by our statutes that a motion for a new trial may be filed in a case within three days after the rendition of a judgment, and the court may hear such motion; and it is urged that as a motion is here filed within three days, and the court subsequently heard that motion and granted it, and thereafter heard the case upon the petition and dismissed the petition, that these parties were not divorced. Without undertaking to say what the court would hold if the fact were not in this case that Nauman was remarried before that motion was heard, and probably before it was filed, though the record does not show whether he was married before it was filed or not—he was married on the same day it was filed—the question here is, whether that being true, there is any question of public policy requiring this case to be treated differently from a decree in another kind of a case.

We are cited by counsel for the defendant in error here to numerous cases to show that judgments in divorce should be treated as judgments in other cases. The case is cited to us in 104 Mass., 297. In the opinion it reads:

''Aside from a well justified reluctance to nullify decrees in cases where second marriages have been contracted, the tribunals of this country have, with few exceptions, treated final decress in divorce precisely as final judgments in ordinary civil actions.''

That is true in the case of *State* v. *Railway Co.*, 38 Minn., 246, 252 (36 N. W. Rep., 870), where the court goes so far as to say that the judgment is to be treated as any other judgment may be treated in cases after decree being entered. The same is true of all cases cited except, perhaps, two in New Hampshire, in which I find nothing which seems to us in any way to bear upon the question now under consideration. As strong a

case as is cited to us on the proposition that a judgment for divorce may be reopened, as any other judgment, is *Wisdom* v. *Wisdom*, 24 Neb., 551 (39 N. W. Rep., 594).

That case cited a case in Ohio which is relied upon by the plaintiff in error here (*Parish* v. *Parish*, 9 Ohio St., 534), and expressly holds that that is not the law in Nebraska. It is urged here that *Parish* v. *Parish*, *supra*, is at variance with the policy of the law of Ohio, and is not in any event authoritative in this case.

The case of *Parish* v. *Parish*, *supra*, was one in which it was sought to open a judgment for divorce at a subsequent term. The reasoning of the court in that case was based upon public policy, which requires that the domestic relations of parties, especially that growing out of the marriage contract, is of such interest that the case is not to be treated as a judgment in other cases; but instead of that not being now the law in Ohio, a case was decided upon October 8, 1895, by the Supreme Court of this state, only reported in brief, but found in *John* v. *John*, 1 O. S. C. D., 356. That was a case like *Parish* v. *Parish*, *supra*, where if the allegations of the petition were true, a gross fraud had been perpetrated on the court. We can not well conceive a case where a greater fraud was perpetrated, according to the petition than that case of *Parish* v. *Parish*, *supra*, and the court said in passing upon it that it was to be hoped for the honor of human nature that the allegations were not true; and the demurrer was sustained in that case; a fraud upon the court as to jurisdiction, as was also true in the case of *John* v. *John*, *supra*. So there is no question but that the ground laid down in *Parish* v. *Parish*, *supra*, is still the law of Ohio. But does that apply to the present case? It is not exactly such a case as this, and, as I have already said, without undertaking to say what this court would do if a new marriage had not been made, we think that must be considered, whether this court might grant a new trial and rehear the case.

In *Lewis* v. *Lewis*, 15 Kan., 181, an opinion was delivered by Justice Brewer, and he cites in that case the case of *Bascom* v. *Bascom*, 7 Ohio (pt. 2), 125. Justice Brewer, in commenting upon the case, said:

"In *Bascom* v. *Bascom, supra,* the court decided that a decree of divorce was not subject to review in the Supreme Court. It was conceded that the statute provided that divorce cases should be governed by the rules respecting proceedings in chancery, and that in chancery cases the right of review existed; but there was this difference: in divorce cases the testimony was oral; in chancery, by depositions. Upon this difference the court concluded there was no right of review of decree of divorce. Manifestly a controlling consideration was the danger of intermediate marriage. It used this language in the opinion: "When a divorce is granted upon which one of the parties contracts new relations, and a third party acquires rights, it can not be that a process could be had to reverse a decree, the consequence of which would be a severance of all those new relations. Such anomalous mischief can not be engrafted on the practice of our courts, except by clear and explicit legislative enactment. That, we feel confident, can never take place. All the reasons that render a decision upon facts by a jury conclusive between the parties, unite in requiring that the decision of a court, upon facts, on the hearing of a petition for divorce, should be final, and stand beyond the reach of judicial revision.' "

An examination of the case of *Bascom* v. *Bascom, supra,* will show that Justice Brewer has correctly stated the position of the court.

I call attention to that case to show the opinion of Justice Brewer as to intermediate marriage. In the case of *Bingham* v. *Miller,* 17 Ohio, 445, the court held that—

"Divorces are the subject of judicial, not legislative, action, and the Constitution confers upon the Legislature no power to grant them, but to avoid the consequences which would result from declaring all those void which have been granted by the Legislature during the existence of the state, rendering illegitimate the issue of second marriages, the court will pronounce them valid."

We think that in view of the fact that remarriage had taken place in this case, the court was not authorized to reopen the case, that the case was ended; but in any event, we hold that there was no case pending in the court of common pleas at the time this motion for alimony was filed, even though we should be wrong in what had already been announced. The

last decree of the court, the one of March 21, was an order that the petition of the plaintiff be dismissed; and there being no continuance, and nothing said as to the cross-petition then filed, the case, if it were not already ended, then the effect of what was then done was to end the case.

The case found in *Petersine* v. *Thomas*, 28 Ohio St., 596, I cite as establishing that whatever was then pending in this case was ended when that judgment was made. The first clause of the syllabus reads:

"When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case."

Now the whole matter was pending in that court—petition and cross-petition; if we were wrong in what we have already said, the case was ended by the first decree. The court should not have interfered with the first decree. That ended the case, if it was not at that time ended; but our holding is that that case was ended by the decree of the fourteenth, and with these views, we reverse the judgment of the court of common pleas.

*E. C. Schwan,* for plaintiff in error.

*Allen T. Brinsmade,* for defendant in error.