[Civ. No. 3920.   First Appellate District, Division Two.—November 18, 1921.]

# W. A. JACKSON, Respondent, v. ASA W. ALLEN, Appellant.

[1] PARTNERSHIP—DISSOLUTION AND ACCOUNTING—SPECIAL REFERENCE —DUTY OF REFEREES.—Where in an action for the dissolution of a partnership and for an accounting the court did not order a general reference, but a reference under the last clause of subdivision 1 of section 639 of the Code of Civil Procedure, to state an account between the parties and submit the same to the court for its final decision, the referees were not required to state conclusions of law together with, or separately from, findings of fact.

[2] ID.—APPEAL — ATTACK OF REPORT OF REFEREES — INSUFFICIENT RECORD.—On an appeal from the judgment in an action for the dissolution of a partnership and for an accounting, wherein a reference was ordered for the purpose of stating an account and submitting the same to the court for its final decision, the report of the referees is not subject to attack on the ground that certain findings therein are only the personal opinions of the referees where the evidence taken by the referees is not contained in the record.

APPEAL from a judgment of the Superior Court of Fresno County.   S. L. Strother, Judge.   Affirmed.

The facts are stated in the opinion of the court.

W. D. Crichton for Appellant.

Stanley Moffatt for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a judgment dissolving a partnership and for an accounting of the partnership existing between plaintiff and the defendant.   The plaintiff recovered a judgment for $619.48, and the defendant has appealed under section 953a.   The transcript purports to be a transcript by the county clerk setting forth copies of certain papers on file in his office, but the appellant has not brought up any transcript of the proceedings or the evidence.   The trial court made an interlocutory judgment on the third

day of January, 1921, dissolving the partnership on the stipulation of the parties, and ordered a reference to Burdick & Baker as referees to state an account between the plaintiff and defendant and thereafter to submit the same to the court for its final decision. It does not appear whether the testimony and proceedings before the referees were taken down, nor does it appear that any exceptions were taken before the referees, nor does it appear that anything purporting to be the evidence, or purporting to be a record of proceedings had before the referees was thereafter certified to the trial court; however, it does appear by a recital in the findings that the referees prepared a written report; that the defendant made certain objections in writing to the same; that the matter was thereupon referred back to the referees; that they made a supplemental report; that written objections were made to that report, and that thereafter, on April 26th, the report of the referees and the objections thereto were heard in open court, and thereafter the trial court ordered judgment in favor of the plaintiff in accordance with the findings and the report of the referees. At this time the appellant makes certain points which call upon us to reconsider his objections to the report of the referees. Assuming, without deciding, that this court has the power, on this kind of a record, to re-examine such questions, we will attempt to dispose of the issues presented.

[1] The appellant cites and relies on *Lambert* v. *Smith,* 3 Cal. 408, *Calderwood* v. *Pyser,* 31 Cal. 333, and *Lee Sack Sam* v. *Gray,* 104 Cal. 243 [34 Pac. 85]. The case first cited was one in which the trial court had ordered a reference to hear and determine the whole issue, pursuant to subdivision 1 of section 183 of the Practice Act (Stats. 1851, p. 79), which was codified as subdivision 1 of section 639 of the Code of Civil Procedure. The second case may be classified in the same manner. The third case involved a proceeding had and taken under and pursuant to sections 1507 and 1508 of the Code of Civil Procedure. As stated above, in the instant case the trial court did not order a general reference, but its order was under the last clause of subdivision 1 of section 639 of the Code of Civil Procedure, which provides: " . . . or report upon any specific question of fact involved therein." It is patent, therefore, that the referees were not to prepare any conclusions

of law, and there was therefore no occasion to state con-
clusions of law together with, or separately from, findings
of fact, and the referees neither did nor omitted to do
anything in violation of the authority conferred upon them.
It is claimed that the referees called and examined wit-
nesses, and received oral evidence not in the presence and
hearing of the defendant, and that such fact appears on the
face of the report. It is sufficient to state that the fact
does not appear on the face of the report, nor does it appear
in any other manner.

[2] As to a quantity of hay, the referees reported, "from
the testimony taken we are convinced that about half of the
hay produced on this tract was no more than Bermuda grass
which would have practically no market value as hay." The
appellant complains of this language to the effect that the
same was contrary to the evidence, and the personal opinion
of the referees. However, as the evidence taken by the
referees is not before us, we may not consider whether
the statement was in accordance with, or contrary to, the
evidence. As to the statement being the personal opinion
of the referees, it is sufficient to state that the referees were
appointed to render their personal opinion based on the
evidence produced before them, and there is nothing to show
that they did otherwise.

Regarding this same hay, the referees also reported:
"From our personal knowledge of the market price of hay
during the years of 1918 and 1919, and the quotations
on the open market, we are convinced that the forty tons
of hay charged up to the partnership would not have been
worth $10 per ton." The appellant attacks the statement
as being contrary to the evidence. That attack cannot be
considered for the reasons stated above. It is also asserted
that the statement of the referees is the personal opinion of
the referees. If by this attack the appellant complains be-
cause the referees did not seek expert opinions as to values,
it is sufficient to remark that they were not bound to do so.

The referees reported, among other things, as follows:
"There was some question as to the amount of cream
checks received by Allen, inasmuch as he was to have all
of the cream checks for his care of the milk cows, and
it is utterly impossible to ascertain just how many milk
cows of his own and how many of the partnership were

producing milk at the time. We have eliminated the entire transaction as immaterial." It will be noted that the checks in question were received by Allen; that if there was any materiality in the item, Allen should have been charged to the extent of the item. If Allen was not so charged, then Jackson had a just right to complain, but Jackson has not appealed, and Allen may not complain of errors that were in his favor.

As stated above, the referees found that there was owing from Allen to Jackson the sum of $619.48. The appellant complains that the finding is contrary to the evidence, and is not supported by any evidence. This objection has already been discussed above and needs no further attention on our part.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.