[Civ. No. 17188.   Second Dist., Div. Two.   Jan. 11, 1950.]

LETA FRANCES HALL, a Minor, etc., Respondent, v.
ROBERT A. HALL, Appellant.

Louis Elowitt for Appellant.

No appearance for Respondent.

WILSON, J.—From an order directing the payment of support, costs and counsel fees pendente lite in a filiation action, defendant appeals.

Defendant contends (1) that since there was no finding that he is the father of plaintiff, the court had no jurisdiction to order payment of support, costs and counsel fees pendente lite and (2) that there was no evidence or finding as to plaintiff's requirements for support or defendant's ability to pay.

This action was brought by an illegitimate child, through her guardian *ad litem*, for a judicial declaration of paternity and support. Defendant filed an answer denying he is the father of plaintiff. The trial court issued an order directing defendant to show cause why he should not pay support, court costs and attorney's fees pending determination of the action and the matter was referred to a commissioner for hearing on the order to show cause and for findings of fact. At the conclusion of the hearing the commissioner made the following ''Special findings as to parties, income, resources and other material facts'':

''Plaintiff testified that she spent week-ends at Elsinore with the defendant on many occasions, especially during October, 1947, when, she claims, she became pregnant by the defendant. Defendant denied any intimacies but admitted that he asked plaintiff to come to his home in April 1948 to help take care of his invalid wife. He admitted that this was in response to a lovely friendship which he and plaintiff enjoyed, previously. He admitted owning in joing tenancy with his wife, 4 pieces of property; he is living in a home valued at about $12,000.00  The plaintiff is living in a room and paying $15.00 a week. She has been working at LaRue's and only receives tips.'' Since the plaintiff is the minor child it may be assumed that the ''plaintiff'' referred to in the commissioner's recital is Frances McKelvey, the mother and guardian *ad litem* of plaintiff.

Based upon the foregoing ''findings'' and the recommendation of the commissioner, the court awarded plaintiff $20 a week for support pendente lite, $200 attorney's fees and $15 costs.

■ Upon the hearing of an order to show cause why the alleged father of an illegitimate child should not pay support, court costs and attorney's fees pending determination of the action, before he can be ordered to pay, plaintiff must prove by a preponderance of evidence that defendant is the father and defendant must be given an opportunity to be heard and to present his evidence. Proof of parentage is a jurisdictional prerequisite for an order to support an illegitimate child.

(*Carbone* v. *Superior Court,* 18 Cal.2d 768, 772 [117 P.2d 872, 136 A.L.R. 1260].)

A commissioner must report his findings in writing to the court and the facts found and conclusions of law must be separately stated. (Code Civ. Proc., § 643.) Upon the hearing of the order to show cause in the instant action the commissioner made no finding that defendant is the father of plaintiff. That which is labeled as ''findings'' is but a recital of a part of the evidence. Where the report of the commissioner is simply a report of the evidence upon which his recommendation is based and contains no findings of fact it is insufficient to sustain a judgment or order rendered thereon. (*Lee Sack Sam* v. *Gray,* 104 Cal. 243, 246 [38 P. 85].) In the absence of a finding that defendant is the father of plaintiff, defendant having denied paternity, the court was without jurisdiction to award plaintiff support, costs and counsel fees pendente lite.

Similarly, there is little evidence and no finding relative to plaintiff's requirements for support and no finding as to defendant's ability to pay.

Order reversed.

Moore, P. J., and McComb, J., concurred.